GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: ALEXANDER J. HOGAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel. No.: (212) 637-2799
Fax No.: (212) 637-2686
E-mail: alexander.hogan@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUEL A. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF ROCKLAND, TOWN OF CLARKSTOWN POLICE DEPARTMENT, EAN HOLDINGS LLC & WILLIAM A. GOMEZ,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>19 Civ. (____) (___)<br><br>From the Supreme Court of the State of New York, County of Bronx, Index No. 27089/2019E |

PLEASE TAKE NOTICE THAT Defendant William A. Gomez ("Federal Defendant") by and through his attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby removes the above-captioned action to the United States District Court for the Southern District of New York.  The grounds for removal are as follows:

1. On or about June 18, 2019, Plaintiff Manuel A. Rodriguez ("Plaintiff") filed a complaint (Index No. 27089/2019E) in the Supreme Court of the State of New York, Bronx County ("New York State Supreme Court"), naming as Defendants the County of Rockland, Town of Clarkstown Police Department, EAN Holdings LLC, and William A. Gomez ("Defendants").  A true and correct copy of the complaint ("Complaint") is attached hereto as Exhibit 1.

1

2. The Complaint alleges, *inter alia*, that the Federal Defendant was negligent in his operation of a motor vehicle and struck Plaintiff, thereby allegedly causing injury to Plaintiff. Complaint at ¶ 26. The alleged incident occurred on January 30, 2019, on West 170th Street at the intersection of Plimpton Avenue in the Bronx. *Id.* at ¶ 21.

3. During all times relevant to the Complaint, the Federal Defendant was an employee of the United States and was acting within the scope of his employment while driving the car that allegedly collided with the car being driven by Plaintiff. *See* Exhibit 2, Certification of Geoffrey S. Berman, United States Attorney for the Southern District of New York ("Berman Certification").

4. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680, provides the exclusive remedy with respect to Plaintiff's claim against the Federal Defendant as an employee of the United States. Pursuant to the FTCA, United States District Courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property . . . caused by the negligent or wrongful acts or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1).

5. This action may be removed to this Court pursuant to 28 U.S.C. § 2679(d)(2) because: (i) trial has not yet been had of this action; and (ii) this is a civil action brought against an employee of the United States acting within the scope of his employment.

6. All other defendants are not required to consent to the removal of this case to federal court because the Federal Defendant has a statutory right to remove under 28 U.S.C. § 2679(d)(2).

7. This action may also be removed pursuant to 28 U.S.C. § 1442(a)(1) because it names an officer of the United States who was acting in his official capacity. In addition,

Plaintiff's claims potentially implicate federal defenses such as sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Accordingly, under § 1442(a)(1), this action may be removed to this Court. *See Parker v. Della Rocco*, 252 F.3d 663, 665 & n.2 (2d Cir. 2001) ("[I]t is plain that plaintiff's . . . claims . . . implicate federal defenses such as sovereign immunity . . . .").

8. Removal pursuant to Section 1442(a)(1) is timely under 28 U.S.C. § 1446(b). Section 1446(b)(1) authorizes removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." The DEA has not been served in this action and did not receive notice of this action until June 27, 2019.

9. Venue is proper in this district under 28 U.S.C. §§ 1441(a) and 1442(a) because the state court where the action is pending is located in this district.

10. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of the filing of this Notice of Removal.

11. The Federal Defendant will promptly file a copy of this Notice of Removal with the Clerk of Court, Supreme Court of the State of New York, County of Bronx.

12. The submission of this Notice of Removal is solely for the special purpose of removing this action to the appropriate federal court and is not a general appearance by the Federal Defendant. This Office makes a limited appearance on behalf of the Federal Defendant solely for the purpose of removing the action. This submission does not constitute a waiver of any defense

available to the Federal Defendant, including any defense under Rule 12 of the Federal Rules of Civil Procedure.

Dated:   July 29, 2019
         New York, New York

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney for the
                Southern District of New York

By:      /s/ Alexander J. Hogan
            ALEXANDER J. HOGAN
            Assistant United States Attorney
            86 Chambers Street, Third Floor
            New York, New York 10007
            Tel.: (212) 637-2799
            Fax:  (212) 637-2686
            E-mail: alexander.hogan@usdoj.gov